Dale K. Galipo, Esq. (Bar No. 144074)
LAW OFFICES OF DALE K. GALIPO
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Jaime A. Leanos, Esq. (Bar No. 159471)
MORALES & LEANOS
jleanoslaw@pacbell.net
75 E. Santa Clara St., Suite 250
San Jose, CA 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA JACQUEZ, individually and as successor-in-interest to Richard Jacquez, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:16-CV-5343<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Chandra Jacquez, individually and as a successor-in-interest to Richard Jacquez, deceased, for her Complaint against Defendants City of San Jose and Does 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.  This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's father, Richard Jacquez ("DECEDENT"), on August 17, 2015.

## PARTIES

4.  At all relevant times, Decedent Richard Jacquez was an individual residing in the City of San Jose, California.

5.  Plaintiff CHANDRA JACQUEZ ("JACQUEZ") is an individual residing in the City of San Jose, California and is the biological daughter of DECEDENT. JACQUEZ sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to

-1-

California Code of Civil Procedure § 377.60. JACQUEZ seeks both survival and wrongful death damages under federal and state law.

6.   At all relevant times, Defendant CITY OF SAN JOSE ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Jose Police Department ("SJPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SJPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10.

7.   Defendants DOES 1-5 ("DOE OFFICERS") are police officers for the SJPD. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the SJPD at all relevant times. Also at all relevant times, DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

8.   Defendants DOES 6-8 are supervisory officers for the SJPD who were acting under color of law within the course and scope of their duties as officers for the SJPD.  DOES 6-8 were acting with the complete authority and ratification their principal, Defendant CITY.

9.   Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the SJPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SJPD. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

10.   On information and belief, DOES 1-10 were residents of the City of San Jose.

11.   In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants SJPD and DOES 6-10.

12.   In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

13.   The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff may seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained and new information comes to light.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14.   At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15.   All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

16.   DOES 1-10 are sued in their individual capacity.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.   Plaintiff JACQUEZ repeats and re-alleges each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

18.   On August 17, 2015 at approximately 7:00 p.m., on or near Kirkhaven Court in the City of San Jose, DOE OFFICERS initiated a traffic stop on DECEDENT, Richard Jacquez.  DECEDENT fled his vehicle on foot, and DOE OFFICERS pursued him.  As DECEDENT was running away, DOE OFFICERS, under color of law and in the course and scope of their duties, shot DECEDENT multiple times in the back, thereby using excessive force against him and eventually killing him.  The officer-involved shooting occurred on or near Kirkhaven Court at Stoneyhaven Way.

19.   At all relevant times, DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to himself or to anyone else, including DOE OFFICERS.

20.   Upon information and belief, after being shot, DECEDENT was immobile and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

21.   Plaintiff JACQUEZ was dependent on DECEDENT, to some extent, for the necessities of life.

22.   Plaintiff JACQUEZ is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

23.   Plaintiff incurred funeral and burial expenses as a result of Defendants' misconduct.

24.   On February 12, 2016, Plaintiff filed a claim for damages with the City of San Jose.

25.   On March 21, 2016, the City of San Jose rejected this claim.

////

COMPLAINT FOR DAMAGES

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(Against DOE OFFICERS)

26.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.   DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

28.   When DOE OFFICERS shot DECEDENT and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.   The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

30.   As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

31.   Plaintiff JACQUEZ brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees and funeral and burial expenses.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Against DOE OFFICERS)

32.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.   Defendants DOE OFFICERS used excessive force against DECEDENT when they shot him.  Defendants DOE OFFICERS' unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.   As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

35.   The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

36.   The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the incident.  Further, Defendants DOE OFFICERS' use of deadly force violated their training and standard police officer training.

37.   Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees.

## THIRD CLAIM FOR RELIEF

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

**(Against Defendants DOE OFFICERS)**

38.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39.   The denial of medical care by Defendants DOE OFFICERS deprived

DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.   As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

41.   Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

42.   The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

43.   As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

44.   Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against Defendants DOE OFFICERS)

45.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.   Plaintiff JACQUEZ had a cognizable interest under the Due Process

Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

47.   DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

48.   The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

49.   As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with DECEDENT.

50.   As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

51.   The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

52.   Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages.  Plaintiff also seeks attorney's fees.

# FIFTH CLAIM FOR RELIEF

## Municipal Liability – Ratification (42 U.S.C. § 1983)

### (Against Defendants CITY and DOES 6-10)

53.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.   Defendants DOE OFFICERS acted under color of law;

55.   The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

56.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

57.   Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy."

58.   By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

59.   Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

60.   Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

////

////

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### (Against Defendants CITY and DOES 6-10)

61.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.  Defendants DOE OFFICERS acted under color of law.

63.  The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

64.  The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

65.  Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

66.  The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

67.  On information and belief, CITY failed to train DOE OFFICERS properly and adequately.

68.  By reason of the aforementioned acts and omissions, Plaintiff JACQUEZ has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

69.  Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

70.  Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also

COMPLAINT FOR DAMAGES

1  seeks attorney's fees under this claim.

2  <center>**SEVENTH CLAIM FOR RELIEF**</center>

3  <center>**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**</center>

4  <center>**(Against Defendants CITY and DOES 6-10)**</center>

5  71.   Plaintiff repeats and re-alleges each and every allegation in paragraphs

6  1 through 70 of this Complaint with the same force and effect as if fully set forth

7  herein.

8  72.   Defendants DOE OFFICERS acted under color of law.

9  73.   Defendants DOE OFFICERS acted pursuant to an expressly adopted

10  official policy or a longstanding practice or custom of the Defendant CITY.

11  74.   On information and belief, Defendants DOE OFFICERS were not

12  disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection

13  with DECEDENT's death.

14  75.   Defendants CITY and DOES 6-10, together with other CITY

15  policymakers and supervisors, maintained, inter alia, the following unconstitutional

16  customs, practices, and policies:

17  (a)   Using excessive force, including excessive deadly force;

18  (b)   Providing inadequate training regarding the use of deadly force;

19  Employing and retaining as police officers individuals such as Defendants DOE

20  OFFICERS, whom Defendant CITY at all times material herein knew or reasonably

21  should have known had dangerous propensities for abusing their authority and for

22  using excessive force;

23  (d)   Inadequately supervising, training, controlling, assigning, and

24  disciplining CITY officers, and other personnel, including Defendants DOE

25  OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care

26  should have known had the aforementioned propensities and character traits;

27  (e)   Maintaining grossly inadequate procedures for reporting,

28  supervising, investigating, reviewing, disciplining and controlling misconduct by

CITY officers, Defendants DOE OFFICERS;

      (f)    Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

      (g)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

      (h)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police SHOOTINGS and beatings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in SHOOTINGS and beatings of unarmed people.

76.  By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

77.  Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and

COMPLAINT FOR DAMAGES

1   other individuals similarly situated.

2     78. By perpetrating, sanctioning, tolerating and ratifying the outrageous

3   conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and

4   callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's

5   constitutional rights. Furthermore, the policies, practices, and customs implemented,

6   maintained, and still tolerated by Defendants CITY and DOES 6-10 were

7   affirmatively linked to and were a significantly influential force behind the injuries

8   of DECEDENT and Plaintiff.

9     79. Accordingly, Defendants CITY and DOES 6-10 each are liable to

10   Plaintiff for compensatory damages under 42 U.S.C. § 1983.

11     80. Plaintiff brings this claim individually and as a successor-in-interest to

12   DECEDENT, and seeks both survival and wrongful death damages under this claim.

13   Plaintiff also seeks attorneys' fees under this claim.

14   <div align="center">**EIGHTH CLAIM FOR RELIEF**</div>

15   <div align="center">**False Arrest/False Imprisonment**</div>

16   <div align="center">**(Against Defendants CITY and DOE OFFICERS)**</div>

17     81. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

18   through 80 of this Complaint with the same force and effect as if fully set forth

19   herein.

20     82. Defendants DOE OFFICERS, while working as officers for the SJPD

21   and acting within the course and scope of their duties, intentionally deprived

22   DECEDENT of his freedom of movement by use of force, threats of force, menace,

23   fraud, deceit, and unreasonable duress. DOE OFFICERS detained DECEDENT

24   without reasonable suspicion and arrested him without probable cause.

25     83. DECEDENT did not knowingly or voluntarily consent.

26     84. Defendants DOE OFFICERS detained DECEDENT for an appreciable

27   amount of time.

28     85. The conduct of DOE OFFICERS was a substantial factor in causing the

1  harm to DECEDENT.

2      86.   Defendant CITY is vicariously liable for the wrongful acts of

3  Defendants DOE OFFICERS pursuant to section 815.2(a) of the California

4  Government Code, which provides that a public entity is liable for the injuries

5  caused by its employees within the scope of the employment if the employee's act

6  would subject him or her to liability.

7      87.   The conduct of DOE OFFICERS was malicious, wanton, oppressive,

8  and accomplished with a conscious disregard for the rights of DECEDENT, entitling

9  Plaintiff to an award of exemplary and punitive damages.

10     88.   As a result of their misconduct, Defendants DOE OFFICERS are liable

11  for DECEDENT's injuries, either because they were integral participants in the

12  wrongful detention and arrest, or because they failed to intervene to prevent these

13  violations.

### NINTH CLAIM FOR RELIEF

**Battery**

**(Wrongful Death)**

(Against Defendants CITY and DOE OFFICERS)

18     89.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

19  through 88 of this Complaint with the same force and effect as if fully set forth

20  herein.

21     90.   DOE OFFICERS, while working as officers for the SJPD, and acting

22  within the course and scope of their duties, intentionally shot DECEDENT multiple

23  times, including in the back, and used unreasonable and excessive force against him.

24  As a result of the actions of DOE OFFICERS, DECEDENT suffered severe pain

25  and suffering and ultimately died from his injuries. DOE OFFICERS had no legal

26  justification for using force against DECEDENT, and their use of force while

27  carrying out their duties as police officers was an unreasonable and unprivileged use

28  of force.

COMPLAINT FOR DAMAGES

91.   As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity. As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

92.   CITY is vicariously liable for the wrongful acts of Defendant DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.   The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

94.   Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.

## TENTH CLAIM FOR RELIEF

### Negligence

### (Wrongful Death)

(Against all Defendants)

95.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

97.   Defendants DOES 1-10 breached this duty of care. Upon information

COMPLAINT FOR DAMAGES

and belief, the actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

       (a)   the failure to properly and adequately assess the need to detain, arrest, and use of force or deadly force against DECEDENT;

       (b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

       (c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

       (d)   the failure to provide prompt medical care to DECEDENT;

       (e)   the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

       (f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

       (g)   the negligent handling of evidence and witnesses; and

       (h)   the negligent communication of information during the incident.

98.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

99.   CITY is vicariously liable for the wrongful acts of Defendants DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.   Plaintiff brings this claim as a successor-in-interest to DECEDENT,

1   and seeks wrongful death damages under this claim.

2   **ELEVENTH CLAIM FOR RELIEF**

3   **(Violation of Cal. Civil Code § 52.1)**

4   **(Against all Defendants)**

5   101.   Plaintiff repeats and re-alleges each and every allegation in paragraphs

6   1 through 100 of this Complaint with the same force and effect as if fully set forth

7   herein.

8   102.   California Civil Code, Section 52.1 (the Bane Act), prohibits any

9   person from using violent acts or threatening to commit violent acts in retaliation

10  against another person for exercising that person's constitutional rights.

11  103.   On information and belief, Defendants DOE OFFICERS, while

12  working for the CITY and acting within the course and scope of their duties,

13  intentionally committed and attempted to commit acts of violence against

14  DECEDENT, including shooting him without justification or excuse, by integrally

15  participating and failing to intervene in the above violence, and by denying him

16  necessary medical care.

17  104.   When Defendants shot DECEDENT, they interfered with his civil

18  rights to be free from unreasonable searches and seizures, to due process, to equal

19  protection of the laws, to medical care, to be free from state actions that shock the

20  conscience, and to life, liberty, and property.

21  105.   On information and belief, Defendants intentionally and spitefully

22  committed the above acts to discourage DECEDENT from exercising his civil

23  rights, to retaliate against him for invoking such rights, or to prevent him from

24  exercising such rights, which she was fully entitled to enjoy.

25  106.   On information and belief, DECEDENT reasonably believed and

26  understood that the violent acts committed by Defendants DOE OFFICERS were

27  intended to discourage him from exercising the above civil rights, to retaliate against

28  him for invoking such rights, or to prevent him from exercising such rights.

-17-

1    107.   As such, Defendants successfully interfered with the above civil rights

2    of DECEDENT and Plaintiff.

3    108.   The conduct of Defendants was a substantial factor in causing

4    Plaintiff's harms, losses, injuries, and damages.

5    109.   CITY is vicariously liable for the wrongful acts of Defendants DOE

6    OFFICERS, inclusive pursuant to section 815.2(a) of the California Government

7    Code, which provides that a public entity is liable for the injuries caused by its

8    employees within the scope of the employment if the employee's act would subject

9    him or her to liability.

10    110.   Defendants DOES 6-10 are vicariously liable under California law and

11    the doctrine of *respondeat superior*.

12    111.   The conduct of Defendants was malicious, wanton, oppressive, and

13    accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights,

14    justifying an award of exemplary and punitive damages as to Defendants DOE

15    OFFICERS.

16    112.   Plaintiff seeks attorney's fees under this claim.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Chandra Jacquez, individually and as a successor-in-interest to Richard Jacquez, deceased, requests entry of judgment in her favor and against Defendants City of San Jose and Does 1-10, inclusive, as follows:

A.   For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For interest;

F.   For reasonable attorneys' fees, including litigation expenses;

G.   For costs of suit; and

H.   For such further other relief as the Court may deem just, proper, and appropriate.


DATED:  September 19, 2016        LAW OFFICES OF DALE K. GALIPO



By      */s/ Dale K. Galipo*
_____
Dale K. Galipo
Attorneys for Plaintiff

-19-

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED:  September 19, 2016          LAW OFFICES OF DALE K. GALIPO




By          */s/ Dale K. Galipo*
    _____
             Dale K. Galipo
             Attorneys for Plaintiff

-20-